WHEELER et al. v. SWEET et al.

(Superior Court of Buffalo, General Term.   December 30, 1891.)

SHERIFFS—INDEMNITY BOND—JUDGMENT—FRAUD.

Defendants gave a sheriff a bond to indemnify him against damage by reason of a levy on property claimed by plaintiffs. Plaintiffs commenced action against the sheriff, but before entry of judgment he died, and the action was revived and continued against his administrator, and judgment taken by default. Held, in an action on the bond, that the court properly charged that if the conduct of plaintiffs and their attorney in procuring the appointment of the administrator and reviving and continuing the action to judgment was with a fraudulent intent to prevent defendants from knowing of the proceeding, and thereby deprive them of interposing a meritorious defense, such conduct would avoid the judgment.

Appeal from trial term.

Action by Joel Wheeler and Albert J. Wheeler against Clarison Sweet and Emanuel Levi on a bond. From a judgment against plaintiffs, and an order denying them a new trial, they appeal. Affirmed.

Argued before BECKWITH, C. J., and TITUS, J.

Mr. Clinton, for appellants.   Mr. Moot, for respondents.

PER CURIAM.   This is an appeal from a judgment entered against the plaintiffs, and from an order denying a motion for a new trial. The action

was commenced to recover from the defendants upon a bond executed by them in 1881, whereby they undertook to indemnify William W. Lawson, then sheriff of Erie county, for any damage he might sustain by reason of a levy or sale under an execution in favor of the Third National Bank against Edson D. Shoemaker and another upon property claimed by the plaintiffs. The action was commenced against the sheriff, and judgment entered for the amount of the claim. Before the entry of judgment, Lawson had died, and the action was revived and continued against his administrator, and judgment taken by default for the value of the property. The principal question litigated in this case was whether the judgment obtained against the administrator was collusive and fraudulent as against these defendants. Much evidence was offered by both parties upon this question, and the case was submitted by the court to the jury, under an exhaustive charge, and they returned a verdict in favor of the defendants. Without discussing the facts in the case, a careful examination of the evidence warrants the conclusion that the question was properly submitted to the jury for its determination. The exceptions upon which the appellants rely relate principally to the charge of the court in submitting the case to the jury. Some of the statements in the charge, when separated from the context, are open to criticism; but, taken as a whole, we do not think the charge erroneous. The rule laid down by the court to govern the jury in determining the question was correct, and the jury was in fact told that, if the conduct of the plaintiffs and their attorney in procuring the appointment of the administrator and reviving and continuing the action to judgment was with a fraudulent intent to prevent the defendants from knowing of the proceeding and thereby depriving them of interposing a meritorious defense, such conduct would avoid the judgment. We think the charge correctly stated the law, and that the judgment should be affirmed, with costs.